UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHERYL MYERS, an individual, | Case No. 2:24-cv-01494 |
| *Plaintiff*, | |
| v. | **JURY TRIAL DEMANDED** |
| DELTA AIR LINES, INC., a foreign corporation, | |
| *Defendant*. | |

## COMPLAINT

Plaintiff Cheryl Myers, by her attorneys, Mark Lindquist of Mark Lindquist Law PLLC, alleges the following against Defendant Delta Air Lines, Inc.:

### I. Nature of Action

1.  This litigation arises out of horrific burn injuries experienced by Plaintiff Cheryl Myers, an airline passenger, while aboard Delta flight DL081 on or about December 15, 2023. Plaintiff's injuries are due to the negligent acts and

omissions of Delta and its employees while Plaintiff was on a flight from Paris, France, to Seattle, Washington. Plaintiff seeks recovery of compensatory damages for the severe bodily injuries and emotional injuries she sustained because of the burns and the aftermath.

## II. Jurisdiction, Parties, and Venue

2. Plaintiff, Cheryl Myers, is domiciled in and a citizen of Chehalis, Washington. She was an adult passenger aboard Delta Flight DL081, which was a scheduled international flight from Paris, France, to Seattle-Tacoma International Airport, in King County, Washington, on or about December 15, 2023.

3. Defendant, Delta Air Lines, Inc., is a Delaware corporation with its principal place of business in Atlanta, Georgia.

4. Delta is present and does substantial business in Seattle, Washington at Seattle-Tacoma International Airport, including on the subject flight Delta Flight DL081.

5. Seattle, Washington is listed on Delta's website and in its most recent Annual Report as one of its key coastal hubs and markets.

6. This Court has diversity jurisdiction under 28 U.S.C. § 1332 as well as federal question jurisdiction under 28 U.S.C. § 1331.

7. Diversity jurisdiction exists because Plaintiff is a citizen of Washington, Delta is a citizen of Delaware and Georgia, and the amount-in-controversy exceeds $75,000, exclusive of interest and costs.

8. Federal question jurisdiction exists under 28 U.S.C. § 1331 because this action arises under an international treaty, namely the Convention for the Unification of Certain Rules Relating to International Transportation by Air, concluded at Montreal, Canada, on May 28, 1999, referred to as the "Montreal Convention."

9. Since Seattle was the ultimate destination of the international carriage of Plaintiff, venue is proper here pursuant to Article 33(1) of the Montreal

Convention. In addition, Plaintiff has her principal and permanent residence in Chehalis, Washington, and Defendant Delta operates services for the carriage of passengers by air from Seattle-Tacoma International Airport in Seattle, Washington, including on the subject flight DL081. Therefore, Seattle, Washington is a proper venue in which to bring Plaintiff's personal injury action under Article 33(2) of the Montreal Convention.

10. Venue is proper in this District under 28 U.S.C. § 1391.

### III. Factual Background

11. Defendant Delta is a common carrier engaged in the business of transporting passengers for hire by air and, in furtherance thereof, operates regularly scheduled international flights, including daily passenger flights to and from Paris, France and Seattle, Washington.

12. As a common carrier, Delta owes the highest duty of care for the safety of its passengers.

13. As a common carrier, Delta is also required to properly train its employees, including pilots and flight attendants, on how to properly respond to in-flight medical emergencies.

14. Plaintiff Cheryl Myers was a passenger on Delta Flight DL081 with her adult son. She worked as a flight attendant with a different airline. At the time of this incident, she was a passenger in her assigned seat.

15. While Plaintiff was seated and watching a movie, a Delta flight attendant served Plaintiff a cup of coffee that was excessively hot. The flight attendant placed the boiling hot cup of coffee on the aircraft's slanted tray table and the coffee spilled onto Plaintiff's lap, including her left hip, side, and abdomen.

16. As a result of the excessively hot coffee spilling onto her body, Plaintiff suffered extreme pain and suffering, agony, burn injuries, and permanent scarring. The following photograph depicts some, but not all, of Plaintiff's burn injuries:



17. Plaintiff promptly notified Delta's flight attendants of her burn injuries and requested medical assistance.

18. Delta's flight attendants were dismissive and displayed a lack of concern for Plaintiff, telling her to "just go change" and handing her a bag of ice.

19. After repeated pleas from Plaintiff, including showing a flight attendant in the lavatory the severity of her burns, Plaintiff was given a pain reliever and a bandage, which became embedded in her wounds.

20. As the pain continued and intensified, Plaintiff asked the flight attendants to find a doctor or other medical professional.

21. At no time during the flight did Delta's flight attendants or pilots make an announcement asking whether any of the passengers aboard the flight were doctors or medical professionals able to provide appropriate medical care to Plaintiff for her severe burns.

22. At no time during the flight did Delta's flight attendants or pilots contact a remote medical provider, such as MedAire, to seek a remote doctor's guidance on how to treat Plaintiff's severe burn injuries in-flight.

23. Eventually, Delta's flight attendants notified Delta's captain, but Delta's captain failed to provide Plaintiff with real-time medical care by engaging a remote medical provider to properly address her in-flight medical emergency. Instead, Delta's captain arranged for paramedics to meet the aircraft after it landed in Seattle, hours later.

24. After Delta flight DL081 landed at SeaTac, paramedics examined Plaintiff's burn injuries. They were surprised by the severity of the burns and said the burns were the worst they had ever seen from coffee. "You've got to get to a hospital," a paramedic told Plaintiff.

25. Delta continued to be neglectful of Plaintiff. Therefore, it was up to Plaintiff's son to try to find her a wheelchair due to the extreme pain she was in and her difficulty ambulating.

26. Plaintiff finally arrived at a hospital. An ER doctor was shocked that scalding hot coffee, capable of causing such severe burns, was served on an airplane. Plaintiff's burns, which were blistering, were diagnosed as first and second degree.

27. Due to the negligent acts and omissions of Delta's flight attendants and pilots in serving Plaintiff coffee that was excessively hot, placing the excessively hot coffee on an uneven tray table, and failing to properly respond to

Plaintiff's in-flight medical emergency and repeated pleas for medical aid, Plaintiff sustained severe burns to her left hip, side, and abdomen. Additionally, the negligence of Delta's employees left Plaintiff with permanent scarring.

28. As a result of Plaintiff's burn injuries, Plaintiff was unable to shower or wear her regular clothing for months because of the pain.

29. Plaintiff's burn injuries impacted her mobility and her daily life activities, such as driving her car, sitting, or sleeping.

30. Plaintiff's daily routine of cleaning her burn wounds, changing bandages, and applying ointment was time-consuming and painful.

31. Plaintiff was prescribed opiates, including Oxycodone to manage the intense pain, which left Plaintiff feeling groggy and unable to function normally.

32. As a result of the injuries and the extensive impact on her daily life, Plaintiff experienced and continues to experience depression, anxiety, and withdrawal.

## IV. CAUSES OF ACTION

### Count I

### (Montreal Convention)

### Plaintiff Cheryl Myers v. Delta Air Lines, Inc.

33. Plaintiff incorporates her allegations 1 through 32 above as though fully set forth herein.

34. As a common carrier, Delta owes a legal duty to provide its passengers, including the Plaintiff, with a safe flight and not to serve coffee to passengers which is excessively hot as it is reasonably foreseeable that doing so could result in severe burn injuries and thereby cause pain and suffering.

35. As a common carrier, Delta is also required to properly train its employees, including its pilots and flight attendants, about how to properly respond to in-flight medical emergencies, including how to treat burn injuries and

obtain in-flight medical assistance by medical professionals either in-person or remotely.

36. During Delta Flight DL081 from Paris, France, to Seattle, Washington, Delta's flight attendant served excessively hot coffee to Plaintiff and proximately caused the excessively hot coffee to spill on Plaintiff's left hip, side, and abdomen through one or more of the following acts or omissions:

    a. Placing a cup of excessively hot coffee in a negligent manner on the tray table causing it to spill;

    b. Placing a cup of excessively hot coffee on a tray table that was not stable, level, properly maintained, or was otherwise defective; and,

    c. Serving excessively hot coffee at a dangerous temperature above industry standards.

37. Delta and its employees, including its flight attendants and pilots, also failed to:

    a. Promptly and properly provide in-flight medical assistance to Plaintiff;

    b. Make an announcement requesting the assistance of a doctor or other medical professional onboard to render aid to Plaintiff;

    c. Contact a remote medical provider, such as MedAire, to seek a remote doctor's guidance on how to treat Plaintiff's burn injuries.

    d. Properly train Delta's flight attendants and pilots regarding responding to in-flight medical emergencies and rendering aid to passengers who suffer burn injuries;

    e. Otherwise take appropriate action to protect the Plaintiff from bodily harm.

38. As a result of the foregoing acts or omissions by Delta and its employees, including Delta's pilots and flight attendants, Plaintiff suffered personal injuries, including first and second degree burn injuries to her left hip,

side, and abdomen, scarring, pain and suffering, mental anguish, depression, anxiety, sleeplessness, withdrawal, lost income, medical expenses, and other injuries and damages to be proven at trial.

39. The above acts or omissions by Delta and its employees, including Delta's pilots and flight attendants, which proximately caused Plaintiff's injuries were unexpected and unusual events or happenings external to the Plaintiff and therefore each and every act or omission constitutes an Accident under Article 17 of the Montreal Convention.

40. Under Articles 17 and 21 of the Montreal Convention, Delta is liable for all injuries that Plaintiff has sustained and all damages flowing from those injuries.

## Count II

### (Negligence)

### Plaintiff Cheryl Myers v. Delta Air Lines, Inc.

41. Plaintiff incorporates her allegations 1 through 32 above as though fully set forth herein.

42. As a common carrier, Delta owes a legal duty to provide its passengers, including the Plaintiff, with a safe flight and not to serve coffee to passengers which is excessively hot as it is reasonably foreseeable that doing so could result in severe burn injuries to its passengers.

43. As a common carrier, Delta is also required to properly train its employees, including its pilots and flight attendants, about how to properly respond to in-flight medical emergencies, including how to treat burn injuries and obtain in-flight medical assistance by medical professionals either in-person or remotely.

44. During Delta Flight DL081 from Paris, France, to Seattle, Washington, Delta's flight attendant served excessively hot coffee to Plaintiff and Delta's flight attendant proximately caused the excessively hot coffee to spill on

Plaintiff's left hip, side, and abdomen through one or more of the following negligent acts or omissions:

    a. Placing a cup of excessively hot coffee in a negligent manner on the tray table causing it to spill;

    b. Placing a cup of excessively hot coffee on a tray table that was not stable, level, properly maintained, or was otherwise defective; and,

    c. Serving excessively hot coffee at a temperature above industry standards.

45. Delta and its employees, including its flight attendants and pilots, also negligently failed to:

    a. Promptly and properly provide in-flight medical assistance to Plaintiff;

    b. Make an announcement requesting the assistance of a doctor or other medical professional onboard to render aid to Plaintiff;

    c. Contact a remote medical provider, such as MedAire, to seek a remote doctor's guidance on how to treat Plaintiff's burn injuries.

    d. Properly train Delta's flight attendants and pilots regarding responding to in-flight medical emergencies and rendering aid to passengers who suffer burn injuries;

    e. Otherwise take appropriate action to protect the Plaintiff from bodily harm.

46. As a result of the foregoing negligent acts or omissions by Delta and its employees, including Delta's pilots and flight attendants, Plaintiff suffered personal injuries, including first and second degree burns to her left hip, side, and abdomen, scarring, pain and suffering, mental anguish, depression, anxiety, sleeplessness, withdrawal, lost income, medical expenses, and other injuries and damages to be proven at trial.

47. The above negligent acts or omissions by Delta and its employees, including Delta's pilots and flight attendants, proximately caused Plaintiff's injuries.

48. Delta is liable for all injuries that Plaintiff has sustained and all damages flowing from those injuries.

WHEREFORE, the Plaintiff, Cheryl Myers, respectfully requests that the Court enter judgment in her favor and against the Defendant, Delta Air Lines, Inc., and award her all damages available under the law, her court costs in this matter, and such other relief as the Court deems just and proper.

## V. JURY TRIAL

Plaintiff demands a jury trial on all claims and issues so triable.

Dated: September 19, 2024        Respectfully submitted.

By: /s/ *Mark Lindquist*
Mark Lindquist, WSBA No. 25076
Attorneys for Plaintiff

**Mark Lindquist Law**
100 South 9th Street
Tacoma, WA 98402
(206) 333-0773
Mark@MarkLindquistLaw.com